```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAMIEN T. BURTON,

                Plaintiff,              MEMORANDUM & ORDER
                                        13-CV-1119(JS)(WDW)
        -against-

NASSAU COUNTY SHERIFF DEPT.,
MICHAEL SPOSATO, Individually
and In His Official Capacity
as Sheriff of Nassau County,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff      Damien T. Burton, pro se
                   12003792
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, New York 11554

For Defendants     No Appearances
```

SEYBERT, District Judge:

Before the Court is the Complaint of incarcerated pro se plaintiff Damien T. Burton ("Plaintiff") against the Nassau County Sheriff's Department and Nassau County Sheriff Michael Sposato ("Sposato") (together, "Defendants") filed pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b) and with leave to file an Amended Complaint.

BACKGROUND

Plaintiff's brief, handwritten Complaint submitted on the Court's Section 1983 complaint form alleges the following in its entirety:[1]

> In May 2012 I was bit by a spider for which I took medication for eventually the medication caused chest pains and light dizziness which I complained. I was given nothing for that Alment. In June 2012 I grieved about mouse droppings inside my cereal. In Aug 2012 I grieved about not eating and medication the officers assigned to E1B refused to feed us lunch and didn't open the entire top teir because there was a complaint about the crab salad smelling bad so the inmates at the bottom teir refused to eat and never let the other 26 inmates out on the top to make a choice to eat or not nor did the officers compensate with another meal sandwiches Etc. A denial to eat is at the discretion of the inmate if he refuses not of the officers. Also Roaches inside the food cart this has been the norm for 10 months April 28, 2012, Feb 20, 2012.

Compl. at ¶ IV. Plaintiff also alleges that he "recieved medication for the spider bite. I also recieve [sic] aspirin now to thin my blood to lower my chances of a heart attack due to the medication I recieved [sic] from the jail." Compl. at ¶ IV.A. For relief, Plaintiff seeks, inter alia, unspecified monetary damages as well as "someone from the United States District Court EDNY to come see me regarding these problems here are Nassau County

---

[1] The Court has reproduced the Plaintiff's Complaint exactly as it appears in the original and has not corrected or noted any spelling, punctuation, or grammatical errors.

Jail." Compl. at ¶ V.

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is granted.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing

3

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S at 678, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider

v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).  Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right.  See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).  The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id.  Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation.  Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009).  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199 (2d Cir. Jan. 12, 2010).  With these standards in mind, the Court considers the Plaintiff's claims.

    A.    <u>Defendant Sheriff Sposato</u>

Although Plaintiff names Sheriff Sposato as a Defendant,

5

there are no factual allegations concerning him nor is he even mentioned in the body of the Complaint. Thus, it appears Plaintiff seeks to hold this Defendant liable solely because of the supervisory position he holds. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 5-6. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendant Sposato. Accordingly, the Section 1983 claims asserted against him are not plausible and are dismissed without prejudice.

    B.    <u>Nassau County Sheriff's Department</u>

Though Plaintiff names the Nassau County Sheriff's Department as a Defendant, it does not have an independent legal identity apart from Nassau County and, thus, lacks the legal capacity to be sued.  "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued."  <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); <u>see also</u> <u>Lukes v. Nassau Cnty. Jail</u>, 12-CV-1139(SJF)(AKT), 2012 WL 1965663, *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County."); <u>Hawkins v. Nassau Cnty. Corr. Facility</u>, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011); <u>Melendez v. Nassau County</u>, No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).

Here, because the Nassau County Sheriff's Department is an administrative arm of Nassau County, without an independent legal identity, it lacks the capacity to be sued.  Accordingly, Plaintiff's Section 1983 claim against the Nassau County Sheriff's Department is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  However, given Plaintiff's <u>pro se</u>

7

status, the Court liberally construes his Complaint and considers whether Plaintiff has alleged a plausible Section 1983 claim against Nassau County.

C. <u>Claim Against the County of Nassau</u>

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a <u>respondeat superior</u> theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." <u>Cash v. County of Erie</u>, 654 F.3d 324, 333 (2d Cir. 2011), <u>cert. denied</u>, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012) (quoting <u>Connick v. Thompson</u>, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); <u>see also</u> <u>Monell</u>, 436 U.S. at 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, <u>see</u>

8

Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, see Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Village of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (holding that a municipal custom may be found when "faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions." (quotations and citations omitted), i.e., "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights . . . amount[ing] to deliberate indifference to the rights of persons with whom the untrained employees come into

9

contact," Connick, 131 S. Ct. at 1359 (quotations, alterations and citations omitted), or a policymaking official's failure to investigate or rectify a potentially serious problem of unconstitutional conduct of which he or she had notice, evidencing deliberate indifference, "rather than mere negligence or bureaucratic inaction," Amnesty America, 361 F.3d at 128.

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County.

IV. Leave to Amend

Although "[t]he court should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008). Here, amendment to Plaintiff's claims concerning the medical treatment Plaintiff received for the alleged spider bite and chest pain is futile given his allegations that adequate medical care was provided for these ailments. However, with regard to his claims concerning the food

10

at the Nassau Jail, the Court will afford Plaintiff an opportunity to amend such claims. Although the denial of a single meal as alleged is generally insufficient to give rise to a constitutional deprivation, Plaintiff also alleges that there were mouse droppings in his cereal and roaches on the food cart. Though dubious, the Court will afford Plaintiff an opportunity to amend his Complaint to allege a plausible cruel and unusual punishment claim concerning the food at the Nassau Jail as set forth below.

"The Eighth Amendment prohibits 'cruel and unusual punishment' and the Supreme Court has held that this requires the conditions of a prisoner's confinement to be 'humane,' Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994), although not necessarily 'comfortable,' Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981))." Butler v. Suffolk County, --- F.R.D. ----, 2013 WL 1136547, *7 (Mar. 19, 2013) (citing Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012); Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001)). However, "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). Though Plaintiff does not allege whether he is a pre-trial detainee or post-conviction, the

11

distinction is of no moment because, regardless of whether Plaintiff is a convicted prisoner or pretrial detainee, "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Id. at 70-71, 72; see also Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).

"The Eighth Amendment requires prison officials to 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" Gonsalves v. DeVeau, 11-CV-0835, 2012 WL 6104788, *2 (D. Conn. Dec. 7, 2012) (citing Farmer, 511 U.S. at 832 (1994)). Thus, at a minimum, "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it" must be provided to inmates. Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983); Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980) (describing the area where food is prepared and often left uncovered as being dusty, moldy and infested with rodents and roaches). However, a "mere allegation of mishandling of food alone is insufficient to establish an Eighth Amendment claim. To state a cognizable claim under the Eighth Amendment, a plaintiff must allege a distinct and palpable injury." Harris v. Ashlaw, No. 07-CV-0358, 2007 WL 4324106 at *5, (N.D.N.Y. Dec. 5, 2007).

In addition, "a claim alleging that prison conditions violate the Eighth Amendment must satisfy both an objective and

12

subjective requirement -- the conditions must be 'sufficiently serious' from an objective point of view, and the plaintiff must demonstrate that prison officials acted subjectively with 'deliberate indifference.'" Harris, 2007 WL 4324106 at *4 (quoting Leach v. Dufrain, 103 F. Supp. 2d 542, 546 (N.D.N.Y. 2000); see also Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011) (deliberate indifference claim has both an objective and subjective component). Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)).  In order to determine whether an alleged deprivation was objectively serious, the Court must inquire (1) whether the prison officials acted reasonably in response to the inmate's needs and (2) what harm, if any, the inadequacy in the officials' response to the inmate's need has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). "Subjectively, the official must have acted with the requisite state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the

13

official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) ("The prison official must know of, and disregard, an excessive risk to inmate health or safety."); Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and . . . was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)). Generally, "mere allegations of negligen[ce] . . . do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Jabbar, 683 F.3d at 57 ("[D]eliberate indifference requires more than mere negligence." (Internal quotation marks and citation omitted)).

Even affording the pro se Complaint a liberal construction, Plaintiff has alleged only that he was deprived of a lunch meal on one occasion in August 2012, that there were mouse droppings in his cereal on one occasion in June 2012, and that roaches were inside the food cart for some ten months. However, Plaintiff does not allege to have suffered any injury as a result. Although a "substantial deprivation of food" may implicate a prisoner's Constitutional rights, Robles, 725 F.2d at 15-16, the

14

denial of food to an inmate on one occasion is not a <u>per se</u> violation of the Constitution. <u>Ward v. Goord</u>, 06-CV-1429, 2009 WL 102928, at * 6 (N.D.N.Y. Jan. 13, 2009) (citing <u>Robles</u>, 725 F.2d at 15). Thus, as pled, Plaintiff's allegations concerning the food provided at the Nassau Jail fall far short and clearly do not rise to the level of a constitutional deprivation. However, in an abundance of caution, Plaintiff is afforded leave to file an Amended Complaint concerning the food issues described in the Complaint. To the best of his ability, Plaintiff must set forth the factual allegations to support his cruel and inhuman treatment claim against a proper defendant, including all relevant dates and injuries he claims to have suffered. Plaintiff is advised that an Amended Complaint does not simply add to the original Complaint. Once an Amended Complaint is filed, it completely replaces the original. Therefore, it is important for Plaintiff to include all necessary information that was in the first Complaint. The Amended Complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. No summons shall issue at this time. If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be dismissed, judgment shall enter and the case will be closed. If Plaintiff files an Amended Complaint, the Court will review it pursuant to 28 U.S.C. § 1915A.

<div align="center">CONCLUSION</div>

For the reasons set forth above, Plaintiff's application

to proceed <u>in forma pauperis</u> is GRANTED, but the Complaint is <u>sua sponte</u> DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) **unless Plaintiff files an Amended Complaint in accordance with this Order within thirty (30) days from the date that this Order is served upon him.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   May   1  , 2013
         Central Islip, New York